UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLYN DOW, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> FRONTLINE ASSET STRATEGIES, LLC; and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MARLYN DOW, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, FRONTLINE ASSET STRATEGIES, LLC ("FRONTLINE"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Suffolk County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FRONTLINE maintains a location at 2700 Snelling Avenue N, Suite 250, Roseville, Minnesota 55113.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from FRONTLINE concerning a debt owned by LVNV FUNDING, LLC ("LVNV") where the original creditor was WEBBANK, which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to January 3, 2017, Plaintiff allegedly incurred a financial obligation to WEBBANK, LLC ("WEBBANK").

16. The WEBBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the WEBBANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the WEBBANK obligation for business purposes.

19. The WEBBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. WEBBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to January 3, 2017, the WEBBANK obligation was purchased by and/or sold to LVNV.

22. At the time the WEBBANK obligation was purchased by and/or sold to LVNV, the obligation was in default.

23. On or before January 3, 2017, LVNV referred the WEBBANK obligation to FRONTLINE for the purpose of collections.

24. At the time LVNV referred the WEBBANK obligation to FRONTLINE, the obligation was past due.

25. At the time LVNV referred the WEBBANK obligation to FRONTLINE, the obligation was in default.

26. Defendant caused to be delivered to Plaintiff a letter dated January 3, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

27. The January 3, 2017 letter was sent to Plaintiff in connection with the collection of the WEBBANK obligation.

28. The January 3, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The January 3, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

30. Upon receipt, Plaintiff read the January 3, 2017 letter.

31. The January 3, 2017 letter provided the following information regarding the WEBBANK obligation:

| | |
|---|---|
| Current Creditor to whom the debt is owed: | LVNV FUNDING LLC |
| Original Creditor: | WEBBANK |
| Account Description: | GETTINGTON |
| Original Creditor#: | xxxxxxxxxxxx6673 |
| Charge-off Date: | 11/16/2016 |
| FAST #: | 105394761 |
| Total Amount Due: | $919.03 |
| Last Pay Date: | 03/25/2016 |
| Total Due as of Charge-off: | $919.03 |
| Total Interest Accrued Since Charge-off: | $0 |
| Total non-interest Charges or Fee Accrued Since Charge-off: | $0 |
| Total Paid on Debt Since Charge-off: | $0 |

32. The January 3, 2017 letter stated in part:

As of the date of this letter, you owe $919.03.

33. FRONTLINE did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

34. The total balance alleged to be due on the WEBBANK obligation did not increase since the WEBBANK obligation was charged-off.

35. WEBBANK never authorized FRONTLINE to charge or add interest to the balance of the WEBBANK obligation.

36. WEBBANK never authorized FRONTLINE to add interest or other charges to the balance of the WEBBANK obligation.

37. As some time prior to January 3, 2017, WEBBANK ceased charging or adding interest to the balance of the WEBBANK obligation.

38. As some time prior to January 3, 2017, WEBBANK ceased adding interest or other charges to the balance of the WEBBANK obligation.

39. By presenting the balance due as a dynamic balance when in fact it was static, Defendant violated the FDCPA. *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 (E.D.N.Y. Oct. 31, 2017).

## POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character, amount legal status of the debt.

41. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Defendant's January 3, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest or other charges.

45. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

46. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the WEBBANK obligation could increase.

47. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the WEBBANK obligation could increase due to interest or other charges.

48. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the WEBBANK obligation could increase.

49. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the WEBBANK obligation could increase due to interest or other charges.

50. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the WEBBANK obligation could increase due to interest or other charges.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest or other charges.

54. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges or other charges.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest or other charges.

59. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest or other charges.

60. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

61. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

62. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest or other charges when in fact the amount due would not and did not increase.

63. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

64. Defendants violated 15 U.S.C. § 1692e(10) by implying that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

65. Defendants' implication that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

66. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

67. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

68. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

74. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 9, 2017

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> JONES, WOLF & KAPASI, LLC
> One Grand central Place
> 60 east 42nd. Street, 46th Floor
> New York, NY 10165
> (646) 459-7971 telephone
> (646) 459-7973 facsimile
> jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

# Exhibit

# A

Dept 130767
PO Box 1259
Oaks, PA 19456


**FRONTLINE ASSET STRATEGIES**

TO MAKE AN ONLINE PAYMENT ARRANGEMENT VISIT WWW.PAYFRONTLINE.COM

MARLYN A DOW
133 SCOTT AVE
DEER PARK NY 11729-7021

Frontline Asset Strategies, LLC
2700 Snelling Ave N.
Ste 250
Roseville, MN 55113

Date: 01/03/2017

| | |
|---|---|
| Current Creditor to whom the debt is owed: | LVNV FUNDING LLC |
| Original Creditor: | WEBBANK |
| Account Description: | GETTINGTON |
| Original Creditor#: | xxxxxxxxxxxx6673 |
| Charge-off Date: | 11/16/2016 |
| FAST #: | |
| Total Amount Due: | $919.03 |
| Last Pay Date: | 03/25/2016 |
| Total Due as of Charge-off: | $919.03 |
| Total Interest Accrued Since Charge-off: | $0 |
| Total non-interest Charges or Fee Accrued Since Charge-off: | $0 |
| Total Paid on Debt Since Charge-off: | $0 |

Dear MARLYN A DOW:

Debt Collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
- The use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1) Supplemental security income, (SSI); 2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony), or child support; (5)Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

Your current creditor has placed the above-mentioned account in our office to resolve. Your lack of communication may result in the enforcement of your current creditor's rights on your contractual agreement. Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

As of the date of this letter, you owe $919.03. Go to our secure website, www.payfrontline.com, make payment in full or to see what payment options may be available to you.

If you cannot make payment in full, please call our office at 877-258-1590 to discuss alternate payment arrangements. Remember, we here at Frontline Asset Strategies are here to assist you in resolving this outstanding debt and moving forward. We strive to work with you, not against you.

**IMPORTANT NOTICE**
This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Please see the reverse side or next page for important consumer notices.
Frontline Asset Strategies, LLC • 2700 Snelling Ave N. • Ste 250 • Roseville, MN 55113
Toll Free: 877-258-1590 Fax: 6516212879
Hours of Operation: Monday-Friday 7AM-9PM CST • Saturday 8AM-12PM CST


MEMBER
ACA
INTERNATIONAL
The Association of Credit and Collection Professionals

